IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60832
Summary Calendar
_____

CHARLIE F. WOFFORD,

Plaintiff-Appellant,

versus

KHURSHID YUSUFF,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:01-CV-191-BrS
--------------------
May 28, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Charlie Wofford, federal prisoner # 82504-010, appeals the
district court's dismissal of his 28 U.S.C. § 2241 petition.  He
argues that he satisfied the requirements of 28 U.S.C. § 2255's
savings clause and that the district court erred in not reviewing
his petition.

In order for a prisoner to raise 28 U.S.C. § 2255 claims in
a 28 U.S.C. § 2241 petition, he must satisfy the requirements of

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the savings clause and show both 1) that his claim is "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and 2) that the claim would have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Wofford, whose reasons for raising his sentencing issues in the instant 28 U.S.C. § 2241 petition are that his attorneys were ineffective and that his claims have been denied by the Georgia district court and the Eleventh Circuit, has not met this requirement.

The district court's dismissal of his 28 U.S.C. § 2241 petition is AFFIRMED. His motions to remand the case, to stay his appeal until ruling on his motion to remand, and to expedite his appeal are DENIED.